## J. D. McMahan et al. v. A. Dennis.

### (No. 1298, Op. Book No. 2, p. 517.)

APPEAL from Bell County.   Opinion by WATTS, J.

§ **1209.** *Jurisdiction of county court; injunction.* This suit was instituted in the county court to enjoin a judgment in the justice's court for $18.   The constitution provides that " the county courts or judges thereof shall have power to issue writs of *mandamus*, injunction, and all other writs necessary to the enforcement of the jurisdiction of said court." [Const. art. V, sec. 16.]   The authority to issue the writ of injunction is confined to matters within the original jurisdiction of the county court, or to such matters as have been brought within the jurisdiction of the court by appeal or *certiorari*.   It will be observed that the constitution limits the authority to issue the injunction to cases where it is necessary to the enforcement of the jurisdiction of the county court.   It has been frequently decided that the county judge has no authority to issue an injunction in matters within the jurisdiction of a justice of the peace, except it be where the jurisdiction of the county court had attached by appeal or *certiorari;* then the writ may issue in aid of the jurisdiction of the county court, and not otherwise.   The writ of injunction cannot be used as a mode of appeal.   The county court does not have general supervisory control over justices' courts, but has only appellate jurisdiction, to be exercised in the manner provided by law.   Consent of parties cannot give such jurisdiction.

October 29, 1881.                Reversed and dismissed.